UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DEBORAH C. PISANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CV420-170 |
| | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff Deborah C. Pisano has filed a complaint asking the Court to review a denial of benefits determination. Doc. 1. She also seeks leave to proceed *in forma pauperis* ("IFP"). Doc. 2. Her application for IFP status, however, lacks information related to her income during the year prior to the filing of this case and is unsigned. *See id*. at 1. Plaintiff was advised that her application was defective and given 14 days to correct the error. Doc. 3. She has failed to respond. Therefore, the Court recommends that plaintiff's application to proceed IFP be **DENIED** as incomplete and that the complaint be **DISMISSED** as abandoned or for failure to comply with a Court Order.

The Court has the authority to dismiss a case when a party fails to comply with an Order or abandons prosecution. *See* L.R. 41.1(b); *see also Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket" (*citing Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) ("Fed. R. Civ. P. 41(b) authorizes a district court, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule. The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." (citations omitted)).

In addition to the omission of income information from the IFP application, plaintiff has also failed to allege any error of fact or law with the decision of the Commissioner—leaving the Statement of Claim section of her complaint completely blank. Doc. 1 at 3. The only clue given to the nature of the dispute is the prayer for relief seeking a modification of the Commissioner's determination and a grant of maximum monthly insurance benefits. *Id*. at 3–4. As it is impossible to determine the relevant facts of the dispute from the information provided and plaintiff

has failed to comply with the Order to correct her IFP application, the Court can only conclude that she has abandoned this case.

Accordingly, the Court **RECOMMENDS** that this claim be **DISMISSED**. It is further **RECOMMENDED** that the application to proceed IFP be **DENIED**. Doc. 2.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge. Alternatively, plaintiff may file a supplemental complaint including a detailed statement of her claim and a complete and executed IFP application within the period for objections. Upon receipt of such filings, the Court will vacate its report and recommendation.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 14th day of September, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA